**Aaron WILLIAMS**

v.

**John R. MANSON, Commissioner of Corrections for the State of Connecticut, and Carl Robinson, Warden, Connecticut Correctional Institution, Somers.**

**Civ. No. H–74–142.**

United States District Court,
D. Connecticut.

April 29, 1974.

Aaron Williams, pro. se.

Robert K. Killian, Atty. Gen., Hartford, Conn., for defendant.

MEMORANDUM OF DECISION

BLUMENFELD, District Judge.

The petitioner, an inmate at the Connecticut Correctional Institute, Somers, seeks to bring *in forma pauperis* a civil rights complaint based on alleged inadequacies in the medical treatment he is receiving at Somers. The complaint states that petitioner reported at sick call one morning that he had a severe headache and felt dizzy. He received pills for the headache and was sent back to work. After half an hour he complained of his continuing discomfort to his work supervisor, who told him to return to his cell and take the rest of the day off. When his headache increased in severity in his cell, petitioner asked his block officer to call the prison hospital. The officer reported to petitioner that a doctor would see petitioner before the end of the day. Petitioner was never called to the hospital, however. That evening a rapid pulse and difficulty in breathing made petitioner afraid to stay in his cell alone, so he went to a recreational area. When he rose to leave this area at the time prisoners were to return to their cells, petitioner passed out. He regained consciousness in the prison hospital and was informed he had had a seizure of some sort. Petitioner had an extremely high blood pressure and pulse rate, and was found not to have ingested any drug save the analgesic medication he had been given for his headache. Petitioner was later given an EEG test at a Hartford hospital. Petitioner has continued to have headaches and gets dizzy spells as well, which have caused him to have a constant fear of falling down, expecially when he is on a stairway.

Petitioner also asserts that while he was unconscious in the recreation area, the guards present ordered the other inmates to stay away from him as he lay gasping for breath and choking on his own saliva. Only by disobeying orders

did an inmate turn him over and clear his mouth so that he could breathe.

Based on these alleged facts, petitioner seeks compensatory damages of $50,000 and punitive damages of $100,000. Assuming his allegations to be true, petitioner has nevertheless failed to state a claim on which relief can be granted under the Civil Rights Act, 42 U.S.C. § 1983. Any deficiency in the diagnosis of petitioner's medical problem and the failure to anticipate his eventual seizure are easily attributable to the inexactness of medical science, and represent an experience often encountered by persons in all walks of life when they suffer minor, everyday ailments which only in hindsight can be identified as significant symptoms of an incipient pathological condition. As Chief Judge Kaufman has recently written in affirming a judgment of this Court: "20/20 hindsight is common when a final diagnosis, even one which had evaded the best medical brains, is made. But the process of diagnosing disease is not unlike that of fitting together a jigsaw puzzle—seemingly disjointed pieces are suddenly placed in proper juxtaposition only after the critical connection is supplied." Guardian Life Insurance Co. v. Robitaille, 495 F.2d 890, 893, slip op. 2589, 2594, (2d Cir. 1974). When the ever-present prison problem of malingering is added to the inherent difficulties of diagnosing the cause of symptoms such as petitioner's, it is clear that even in its ordinary sense the medical care accorded petitioner cannot be deemed inadequate. This is especially so in view of the egregious acts or omissions required to state a claim for relief from inadequate medical care of a state prisoner under 42 U.S.C. § 1983. See Church v. Hegstrom, 416 F.2d 449 (2d Cir. 1969). The *Hegstrom* rule is particularly pertinent to the conduct of the guards in the recreation room during petitioner's seizure. While immediate and solicitous care might be in order were petitioner to suffer such a seizure in civil society, the considerations of security which are uppermost in a prison permit reasonable caution on the part of officials in attending to a purported seizure. Here where petitioner was ultimately transported to a medical facility without further harm, no abridgement of petitioner's civil rights occurred.

The papers may be filed without fee, and the petition is dismissed.

So ordered.